Jorge Smith QUINTERO Petitioner—Appellant,

v.

**BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT Respondent—Appellee.**

No. 03–30353.
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Aug. 4, 2003.

---

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM.*

Petitioner, Jorge Smith Quintero, immigration detainee # 03478–131, appeals the district court's denial of his 21 U.S.C. § 2241 habeas petition challenging the right of the Immigration and Naturalization Service to detain him indefinitely in light of the Supreme Court decision in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Quintero is an excludable alien who is a Cuban national.

In *Zadvydas*, the Supreme Court set up a framework in which a deportable alien could establish the unreasonableness of his continued detention and obtain his release, albeit supervised, in a habeas corpus proceeding under 28 U.S.C. § 2241. *Id.* at 701, 121 S.Ct. 2491. Qunitero's argument that *Zadvydas* should apply equally to ex-cludable aliens like himself is foreclosed by this court's decision in *Rios v. INS*, 324 F.3d 296, 296 (5th Cir.2003). Instead, this court's holding in *Gisbert v. U.S. Atty. Gen.*, 988 F.2d 1437, 1440–47 (5th Cir.), *amended by Gisbert v. U.S. Atty. Gen.*, 997 F.2d 1122 (5th Cir.1993), that there are no time limits on the detention of excluded aliens who have been denied entry governs Quintero's petition. *See Rios*, 324 F.3d at 296. The district court did not err in denying the petition.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.